IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA DE LA TORRE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| FEDERAL-MOGUL MOTORPARTS | ) |
| LLC f/k/a Federal-Mogul Motorparts | ) |
| Corporation, | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES, the Plaintiff, RAHIMA MENKOVIC, by and through her attorneys, Anthony J. Peraica and Anthony J. Peraica & Associates, Ltd., and complaining against the defendant, FEDERAL-MOGUL MOTORPARTS LLC F/K/A FEDERAL-MOGUL MOTORPARTS CORPORATION, states as follows:

### Nature of Action

1. Plaintiff Maria De La Torre's causes of action arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., violation of the Americans with Disabilities Act of 1990, retaliatory discrimination in employment under 42 U.S.C. §1981.

### Jurisdiction and Venue

2. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

3. Venue is proper in that the parties and the events involved in the litigation occurred within the boundaries of the Northern District of Illinois.

### Parties

4. Plaintiff Maria De La Torre is a Hispanic female citizens of the United States, residing in

1

the City of Chicago, County of Cook, State of Illinois.

5. Defendant Federal-Mogul Motorparts Corporation is headquartered in Southfield, Michigan but has a principal place of business located at 7450 McCormick Boulevard in the Village of Skokie, County of Cook, State of Illinois.

6. In 2017, Defendant Federal-Mogul Motorparts Corporation withdrew its license with the Illinois Secretary of State and re-filed as Federal-Mogul Motorparts LLC. Defendant will hereinafter be referred to as "Federal-Mogul" or "Defendant".

## Facts

7. Plaintiff was employed by the Defendant and worked at its place of business in Skokie, Illinois.

8. Plaintiff Maria De La Torre was hired by the Defendant Federal Mogul on or about February 23, 1998, to be an assembler.

9. In November 2010, Plaintiff was laid off during the holidays despite her seniority over other workers who were not laid off.

10. Management exercised favoritism in selecting the individuals that continued their Employment during the reduction in force.

11. Plaintiff returned to her employment with the Defendant, after being laid off.

12. During her employment, Plaintiff was promoted several times. In addition to assembler, she held positions as Operations Scheduler/Planner and Material Analyst.

13. On or about April 1, 2016, Plaintiff requested and was granted FMLA intermittent leave from March 24, 2016 until September 23, 2016.

14. On or about May 12, 2016, Plaintiff sustained injuries when she fell on the sidewalk, resulting in two ligament tears in her right ankle/foot.

15. Plaintiff became disabled as a result of her fall, requiring surgery, use of medical devices, and extensive therapy. Plaintiff was unable to place any weight on her right foot resulting in disruption of her everyday activities.

16. Plaintiff sustained a severe right ankle sprain that resulted in an anterior talofibular ligament rupture, osteochondral defect and syndesmotic separation that impacted her ability to walk, climb and stand.

17. On or about May 17, 2016, Plaintiff requested disability leave of absence from the Defendant employer.

18. Plaintiff also applied for Short Term Disability, through her employer, and was denied.

19. Plaintiff notified the Defendant about her disability and kept them informed with medical records and conversations with Olga Dominguez, Defendant's HR Representative.

20. On October 7, 2016, Defendant mailed Plaintiff a termination letter stating that because her short-term disability was denied, her leave is unapproved and she was terminated effective October 4, 2016.

21. Plaintiff received the termination letter a couple days later.

**Exhaustion of Administrative Remedies**

22. On June 6, 2017, Plaintiff Maria De La Torre filed a discrimination complaint against her employer, the Defendant Federal-Mogul alleging discrimination based on race, sex/gender, national origin, retaliation and disability. A copy of the Charge of Discrimination is attached as Exhibit A and incorporated into this complaint.

23. On March 29, 2018, the EEOC issued Plaintiff her right to sue letter. A copy of the Right to Sue letter is attached as Exhibit B and incorporated into this complaint. Plaintiff received the letter several days later.

3

24. Plaintiff has exhausted administrative remedies prior to filing suit.

## COUNT I – VIOLATION OF ADA
**(Discrimination Based Upon Disability)**

25. Plaintiff re-alleges paragraphs 1 through 24, as if fully set forth herein.

26. Plaintiff's job required her to sit for long periods of time, walk and move about, bending and stooping.

27. Plaintiff kept her employer informed of her limitations and her physician keeping her off of work, through contact with Olga Dominguez.

28. Plaintiff's employer did not offer or discuss with her the return to work with limitations.

29. Plaintiff remained of work based upon her physician's recommendations.

30. The tears of ligaments in Plaintiff's right foot qualify as a disability under the Americans with Disabilities Act.

31. Defendant was notified of Plaintiff's foot injury on or shortly after May 12, 2016.

32. Plaintiff had to undergo surgery and extensive therapy for her right ankle and foot injuries.

33. Plaintiff applied for short-term disability through her employer, the Defendant, but was denied.

34. Defendant based its denial of disability based on its medical review that despite Plaintiff sustaining a severe right ankle sprain that resulted in an anterior talofibular ligament rupture, osteochondral defect and syndesmotic separation that impacted her ability to walk, climb and stand, she should be able to work.

35. Defendant did not engage in any conversations with the Plaintiff regarding modifications to work or other accommodations but instead terminated her employment effective October 4, 2016.

36. Plaintiff was wrongfully terminated from her employment in violation of the ADA.

37. Plaintiff has exhausted her administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

38. As a direct and proximate result of the Defendant's actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under the ADA.

39. The Defendant's wrongful actions caused Plaintiff great mental anguish, humiliation and emotional distress.

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to a position with Defendant that is commensurate with her skills and experience;

B. Ordering the Defendant to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendant's wrongful acts, along with interest;

C. Ordering the Defendants to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D. Ordering the Defendants to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendants' wrongful and willful conduct; and

E.        Awarding to Plaintiff such other relief as this Court deems proper.

## COUNT II – VIOLATION OF TITLE VII
**(Retaliation Based On Disability)**

40. Plaintiff re-states and re-alleges Paragraphs 1-39 of the previous sections of the Complaint.

41. At all times throughout the course of employment, Plaintiff was qualified for her position and performed her job to the legitimate expectation of her employer and beyond.

42. Based on information and belief, Defendant retaliated against Plaintiff because of her disabilities and limitations.

43. Defendant was well-informed of plaintiff's medical conditions and disregarded her need for disability leave.

44. Defendant's wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights.

45. Plaintiff has exhausted her administrative remedies by filing a Charge of Discrimination, whereupon the Illinois Department of Human Rights issued a right to sue letter.

46. As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under Title VII.

47. The Defendants' actions caused Plaintiff great mental anguish, humiliation and emotional distress.

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendants to immediately reinstate Plaintiff to a position with Defendants that is commensurate with her skills and experience;

B. Ordering the Defendants to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendants' wrongful acts, along with interest;

C. Ordering the Defendants to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendants' wrongful and willful conduct; and

D. Awarding to Plaintiff such other relief as this Court deems proper.

### COUNT III—CIVIL RIGHTS ACT OF 1964 & 42 U.S.C. §1981
**(Race Discrimination)**

48. Plaintiff re-states and re-alleges Paragraphs 1 through 24 of this Complaint as if fully stated herein.

49. Upon information and belief, during the course of Plaintiff's employment with Defendants, Defendants, by and through its agents and employees, including but not limited to persons acting as supervisors over Plaintiff, engaged in racial harassment of Plaintiff in various ways, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. and 42 U.S.C. §1981.

50. Management would, with a foul-mouth, curse and downgrade the Hispanic employees, including the Plaintiff, on a weekly basis throughout the time of Plaintiff's employment.

51. Throughout Plaintiff's employment, Defendant's supervisors would provide the Hispanic workers, including the Plaintiff, with more difficult tasks than workers of other races.

52. Throughout Plaintiff's employment, Defendant's supervisors would be stricter with rule compliance with the Hispanic workers than other races or nationalities.

53. Upon information and belief, during the course of Plaintiff's employment Defendant, by and through its agents and employees, including but not limited to persons acting as supervisors over Plaintiff, engaged in adverse employment actions towards Plaintiff in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. and 42 U.S.C. §1981 on ground of Plaintiff's race.

54. Defendant, through its agents or supervisors intentionally failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct and acts of employees and managers as described herein.

55. Defendant failed to take all reasonable and necessary steps to eliminate racial and ethnic harassment from the workplace and to prevent it from occurring in the future.

56. Plaintiff complained to Defendants' agents of the harassing and discriminatory conduct directed towards her and other Hispanic workers, but the Defendant failed to take any appropriate corrective action.

57. The above-described racial harassment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

58. The harassing and discriminatory conduct complained of herein was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's work performance and so as

to create an intimidating, hostile and offensive working environment that altered the terms and conditions of Plaintiff's employment.

59. As a direct and proximate result of the hostile and offensive work environment perpetrated by Defendant's management, the adverse employment actions committed against Plaintiff (i.e. unjustified lay off when she had seniority and termination for disability when others would be off for longer periods due to health issues yet return) and the failure of Defendants to protect Plaintiff from discrimination, the Plaintiff suffered humiliation, embarrassment, and emotional distress.

60. As a further direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act of 1964 et. seq. and 42 U.S.C. §1981 as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce Plaintiff's rights against the Defendant, and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

WHEREFORE, Plaintiff, Maria De La Torre, prays that this Honorable Court enter judgment in her favor and against Defendant, Federal-Mogul, and award Plaintiff the following relief:

A.  an award of damages for pecuniary injury including but not limited to lost wages, past and future and/or impairment of power to earn money;

B.  an award of damages for non-pecuniary injury, including but not limited to emotional distress and humiliation, past and future;

C.  an award of Plaintiff's costs of suit;

D.  an award of Plaintiff's reasonable attorneys' fees; and,

E.	an award of such other and further relief as this Honorable Court deems appropriate in the premises.

### COUNT IV--GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT—42 U.S.C. §2000(e) et seq.

61. Plaintiff De La Torre incorporates Paragraphs 1 through 24 of this Complaint as if fully restated herein.

62. Plaintiff is a member of a protected class by virtue of her being a female.

63. Plaintiff is qualified to perform her job duties as a Materials Analyst and was qualified at the time of her termination.

64. Upon information and belief, Plaintiff was not written up or disciplined for the way that she performed her job duties as a Materials Analyst.

65. Throughout her employment, Plaintiff substantially met her employer's expectations.

66. Plaintiff endured harassment and gender comments from management because she was female.

67. Plaintiff was subject to assignments that her male counter-parts did not have to perform.

68. Plaintiff was subject to comments by male co-workers and supervisors about her dress and how other female's dressed.

69. Plaintiff was subject to sexual comments, about females, that were written in the bathroom and locker area.

70. Defendant engaged in intentional gender discrimination in the terms and conditions of Plaintiff's employment throughout her employment and in the termination of her employment. .

71. Defendant's conduct as described herein constitutes discrimination based on gender in violation of Title VII.

72. Plaintiff believes the reasons provided by the Defendant are not the true reasons but were instead pretext to hide Defendant's discriminatory animus.

73. Defendant's discriminatory conduct in violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, prestige, health issues, and mental and emotional distress.

WHEREFORE, Plaintiff MARIA DE LA TORRE, respectfully prays from this Honorable Court a judgment against Defendant FEDERAL-MOGUL, for the following:

a. Declare Defendant's conduct to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

b. Grant a permanent injunction under 42 U.S.C. §2000(e) restraining the Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully discriminates on the basis of gender;

c. Order Defendant to make Plaintiff whole by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

d. Order Defendant to pay lost, foregone and future wages to Plaintiff;

e. Grant Plaintiff other consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

f. Grant Plaintiff her attorney's fees and costs pursuant to 42 U.S.C. §2000e; and

g. Grant Plaintiff any such further relief as the Court deems necessary and proper in the public interest.

Respectfully submitted,
Maria De La Torre

By: __/s/ Anthony J. Peraica_____
ONE OF HER ATTORNEYS

ANTHONY J. PERAICA, ARDC NO.: 6186661  
ANTHONY J. PERAICA & ASSOCIATES, LTD.  
ATTORNEYS FOR PLAINTIFF  
5130 SOUTH ARCHER AVENUE  
CHICAGO, ILLINOIS 60632  
773-735-1700